UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANY DAVID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-CV-84 NAB |
| | ) | |
| NANCY A. BERRYHILL[1], | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Stephany David's (David) appeal regarding the denial of her application for supplemental security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). David alleged disability due to bipolar disorder and attention deficit hyperactivity disorder (ADHD). (Tr. 144.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 10.] For the reasons set forth below, the Court will reverse and remand the Commissioner's final decision.

**I.      Issues for Review**

David presents two issues for review. First, she contends that the administrative law judge (ALJ) failed to properly weight the opinion of her psychiatric mental health nurse practitioner, Catherine Browning. Second, David asserts that the ALJ improperly analyzed her

---

[1] At the time this case was filed, Carolyn W. Colvin was the Acting Commissioner of Social Security. Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Nancy A. Berryhill for Carolyn W. Colvin in this matter.

credibility. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II. Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

### III. Discussion

#### A. Opinion of Nurse Practitioner Catherine Browning

First, David asserts that the ALJ committed reversible error by failing to weigh the opinion of nurse practitioner Catherine Browning. The Commissioner contends that although the ALJ did not cite to or discuss Browning's opinion, the omission was harmless and did not have an effect on the outcome of the disability determination.

> Social Security separates information sources into two main groups: *acceptable medical sources* and *other sources.* It then divides *other sources* into two groups: *medical sources* and *non-medical sources. Acceptable medical sources* include licensed physicians (medical or osteopathic doctors) and licensed or certified psychologists. According to Social Security regulations, there are three major distinctions between acceptable medical sources and the others: (1) Only acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment, (2) only acceptable medical sources can provide medical opinions, and (3) only acceptable medical sources can be considered treating sources,

*Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) (emphasis in original) (internal citations omitted). Medical sources include nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists." 20 C.F.R. § 416.913(d)[2]. "Information from these other sources cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose." SSR 06-03P, 2006 WL 2329939. "[I]nformation from such other sources, [however], may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function. *Id.*; 20 C.F.R. § 416.913(d). "Evidence provided by 'other sources' must be considered by the ALJ; however, the ALJ is permitted to discount such evidence if it is inconsistent with the evidence in the record." *Lawson v. Colvin*, 807 F.3d 962, 967 (8th Cir. 2015); *see also Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) (in determining what weight to give to other evidence, the ALJ has more discretion and is permitted to consider any inconsistencies found within the record). Therefore, the ALJ is required to consider Browning's opinion as a medical source.

In this case, David received treatment from Browning between June 2012 and October January 2014. (Tr. 187-203, 209-27.) Browning is the only treatment provider for David's mental health impairments, which were bipolar disorder II, major depressive disorder, and ADHD. During this treatment, David regularly reported the following symptoms: anger, anxiety, depression, hyperactivity, and panic attacks. (Tr. 187, 192, 209, 214, 219, 224.) David sometimes reported auditory hallucinations. (Tr. 193, 199, 211, 214, 221, 225.) David also reported problems with poor attention, inability to focus, and difficulty completing tasks. (Tr.

---

[2] The Court notes that the social security regulations have changed effective March 27, 2017. Because this claim was filed in March 2013, the Court will use the prior versions of the regulations effective at the time that David's application for benefits was filed. *See* 20 C.F.R. §§ 416.913, 416.927 (version effective March 27, 2017).

192, 224.) Her medication was regularly adjusted to address effectiveness. David reported some improvement after medication adjustments with decreased auditory hallucinations and improved thinking and attention. (Tr. 214, 219, 224.) David reported that her depression had been minimally responsive to medication and her depression and fatigue increased during the winter months. (Tr. 209.)

On May 6, 2014, Browning completed a medical source statement mental (MSSM) regarding David. (Tr. 231-32.) On the MSSM form, Browning indicated that David experienced lack of focus due to the "ineffectiveness of mediations." (Tr. 231.) She opined that David would have bad days causing her to leave or miss work approximately 4 days per month. (Tr. 231.) Browning also opined that David would be off task 25% of the time from her symptoms that would interfere with the attention needed to perform even simple tasks. (Tr. 231.) Browning indicated that David was extremely or markedly[3] limited in all of the work categories for understanding and memory, sustained concentration, and persistence, social interaction, and adaptation. (Tr. 231-32.) The ALJ discussed Browning's treatment notes, but did not discuss the MSSM. (Tr. 18-20.) The ALJ discounted the global assessment functioning[4] (GAF) scores assessed by Browning. (Tr. 20.) Although the Social Security Administration declines "to endorse the GAF scale for use in the Social Security and SSI disability programs, GAF scores may still be used to assist the ALJ in assessing the level of a claimant's functioning." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010). Browning consistently assessed David's GAF score as 50, which indicates moderate symptoms or moderate difficulty in social, occupational,

---

[3]The MSSM defined extremely limited as an "impairment level preclude [sic] useful functioning in this area. Considered to be 3 standard deviations below the norm, or 90% overall reduction in performance." (Tr. 231.) Markedly limited is defined as "more than moderate, but less than extreme resulting in limitations that seriously interferes [sic] with the ability to function independently." Considered to be 2 standard deviations below the norm, or 60% overall reduction in performance." (Tr. 231.)
[4] Global Assessment Functioning score is a "clinician's judgment of the individual's overall level of functioning." Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. Text Rev. 2000) ("DSM-IV-TR").

or school functioning. DSM-IV-TR at 34. The ALJ stated that "the GAF score is inconsistent with the medical evidence in the record in the file, including the clinical signs and daily activities as analyzed in the proceeding paragraphs, and concludes that it was likely carried over from appointment to appointment without regard to other changes." (Tr. 20.)

The ALJ gave significant weight to the opinion of a non-examining consultative examiner, Dr. Marc Altomari. (Tr. 19.) Dr. Altomari completed an evaluation regarding David on March 28, 2013. (Tr. 55-57.) Dr. Altomari did not examine David, but examined her medical records through February 2013. Dr. Altomari opined that David retained the ability to understand and remember simple instruction; carry out simple work instruction, and maintain adequate attendance and sustain an ordinary routine without special supervision. (Tr. 57.) Dr. Altomari also opined that David would be best suited to work in an environment where little social interaction is required and she can adapt to most usual changes common to a competitive work environment. (Tr. 57.)

After considering this evidence and David's credibility, the ALJ found that David had the severe impairments of bipolar disorder, major depression, and ADHD. (Tr. 15.) The ALJ determined that David had the residual functional capacity to perform the full range of work at all exertional levels with the following nonexertional limitations: (1) simple, routine tasks that involve no more than 2-3 changes in duties per shift that can be performed independently and that involve primarily with things rather than people; (2) superficial interaction with co-workers and supervisors (no negotiation, arbitration, mediation, confrontation of others or supervision of others); and (3) no direct interaction with the public and must be employed in a non-public work setting. (Tr. 17.) Ultimately, the ALJ found that although David could not return to her past

relevant work, there was work she could perform in the national economy and she was not disabled under the Social Security Act. (Tr. 20-21.)

Based on the Court's careful review of the record, the Court finds that this action must be remanded for consideration of Catherine Browning's MSSM. First, there is nothing in the ALJ's opinion to indicate that he considered the MSSM. It is undisputed that the ALJ is required to consider this evidence. *Lawson*, 807 F.3d at 967. The Commissioner contends that the ALJ may have overlooked it, because David's counsel told the ALJ that the record was complete at the administrative hearing. Both parties acknowledge that the MSSM was submitted before the ALJ's opinion was issued. The Commissioner has not offered and the Court has not found any binding legal authority that would support the ALJ failing to consider Browning's opinion under these circumstances. Second, Browning's opinion was the only opinion from a treating source and was based on the entire treatment record, whereas Dr. Altomari's opinion was based on a partial record. Third, because Dr. Altomari and Browning's opinions conflict, the ALJ's ultimate determination of disability could be affected by consideration of Browning's opinion. Therefore, the ALJ's analysis was incomplete and this case must be remanded. *See Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (while a deficiency in opinion writing is not a sufficient reason to set aside an ALJ's finding where the deficiency has no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand); *Neeson v. Colvin*, No. 2:12-CV-51 SNLJ- SPM, 2013 WL 5442911 at *11-13 (E.D. Mo. Sept. 30, 2013) (list of cases remanded for failure to consider other source opinion evidence).

### B. Credibility Determination

Because the Court is remanding this action for consideration of Browning's MSSM and a new RFC determination, the Court will not review David's other claim of improper credibility determination.

### IV. Conclusion

Based on the foregoing, the Court finds that this action should be reversed and remanded to the Commissioner for further proceedings. The Court is aware that upon remand, the ALJ's decision as to non-disability may not change after addressing the deficiencies noted herein, but the determination is one the Commissioner must make in the first instance. *See Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (when a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Plaintiff seeks in her Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**. [Docs. 1, 15, 25.]

**IT IS FURTHER ORDERED** that the Commissioner's decision of June 17, 2014 is **REVERSED** and **REMANDED** to evaluate the medical source statement mental of Catherine Browning in accordance with the social security regulations and issue a new RFC determination and disability determination.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will be filed contemporaneously with this Memorandum and Order remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Nancy A. Berryhill for Carolyn W. Colvin in the court record of this case.

Dated this 28th day of March, 2017.

        /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE